# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CEDRIC GREENE**,<br><br>    Plaintiff,<br><br>v.<br><br>**ACCESS SERVICES INC.**,<br><br>    Defendant. | **REPORT AND RECOMMENDATION: DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION, IMPROPER VENUE, AND LACK OF STANDING**<br><br>Case No.  2:16-cv-1272-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

On December 22, 2016 Plaintiff Cedric Greene filed a Complaint against Access Services Inc. in the District of Utah.  (Compl. For Motor Vehicle Negligence & Intentional Infliction of Emotional Distress (Compl.), ECF No. 3.)[1]  Upon review of the Complaint, the undersigned finds Mr. Greene fails establish the Court's subject matter jurisdiction over his case, either through diversity jurisdiction or federal question jurisdiction, as well as proper venue and standing.  The undersigned RECOMMENDS the District Court dismiss Mr. Greene's Complaint on these bases.  Alternately, the undersigned RECOMMENDS the District Court issue an Order to Show Cause instructing Mr. Greene to indicate why the Court holds subject matter jurisdiction, why proper venues lies in Utah, and why standing exists.

## DISCUSSION

Before ruling on the merits of a case, the Court must determine whether it holds subject matter jurisdiction over Mr. Greene's claims.  See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) (requiring findings of subject matter

---

[1] On January 3, 2017, District Judge David Waddoups referred this case to the undersigned  Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)

1

and personal jurisdiction prior to reaching a case's merits). Federal district courts hold limited subject matter jurisdiction; the Constitution and acts of Congress set forth the scope of their authority. Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Even when no party questions subject matter jurisdiction, a federal court holds "an independent obligation to determine whether subject-matter jurisdiction exists." 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006). "Parties cannot confer on a federal court jurisdiction which has not been granted by the Constitution and Congress, and parties cannot waive lack of subject matter jurisdiction." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994).

Subject matter jurisdiction arises through one of two ways. First, Congress grants federal district courts authority "over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States,'" authority known as diversity jurisdiction. Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015), cert. denied, — U.S. —, 136 S. Ct. 1714 (2016) (quoting 28 U.S.C. § 1332). Second, Congress provides the federal district courts with federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331).

The Court does not hold diversity jurisdiction over Mr. Greene's claims. 28 U.S.C. § 1332 requires the amount in controversy in a civil action to exceed $75,000 to trigger diversity jurisdiction. Mr. Greene's Complaint seeks damages in "the amount of $50,000.00." (Compl. 3, ECF No. 3.) The amount in controversy serves as a

requirement to invoke federal jurisdiction through diversity jurisdiction.  See McPhail v. Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008) (describing amount in controversy as requirement of subject matter jurisdiction under § 1332).  Additionally, to invoke diversity jurisdiction, "the citizenship of all defendants must be different from the citizenship of all plaintiffs."  McPhail, 529 F.3d at 951.  Consideration of subject matter jurisdiction includes a determination as to whether diversity of citizenship exists and must occur prior to reaching the merits of an action.  Lompe v. Sunridge Partners, LLC, 818 F.3d 1041, 1046 (10th Cir. 2016) (describing a court's obligation to determine whether jurisdiction exists).  Mr. Greene includes no allegations as to the citizenship of himself, Valerie Stephen, or Access Services Inc.  Thus, the undersigned cannot conclude diversity jurisdiction exists.

Mr. Greene's Complaint fails to identify any federal law, treaties, or constitutional issue that would grant the Court federal question jurisdiction over his action.  (Compl., ECF No. 3); 28 U.S.C. § 1331.  The Tenth Circuit consistently regards intentional infliction of emotional distress as a state law claim.  See Blakely v. USAA Cas. Ins. Co., 633 F.3d 944, 950 (10th Cir. 2011) (describing intentional infliction of emotional distress as state law tort under Utah law); see also Katzer v. Baldor Elec. Co., 969 F.2d 935, 939 (10th Cir. 1992) (describing intentional infliction of emotional distress as state law tort under Oklahoma law); see also Malandris v. Merrill Lynch, Pierce, Fenner & Smith Inc., 703 F.2d 1152, 1158 (10th Cir. 1983) (describing intentional infliction of emotional distress as state law tort under Colorado law); & Garley v. Sandia Corp., 236 F.3d 1200, 1209 (10th Cir. 2001) (describing intentional infliction of emotional distress as state law tort under New Mexico law).  Negligence claims for motor vehicle accidents also fall

under state law when between two private parties.  See Weaver v. Blake, 454 F.3d 1087, 1094 (10th Cir. 2006) (discussing negligence in a motor vehicle accident under Colorado law); see also Blanke v. Alexander, 152 F.3d 1224, 1230-31 (10th Cir. 1998) (applying Oklahoma's substantive state law in a motor vehicle negligence case); cf. Tunder v. United States, 522 F.2d 913, 914 (10th Cir. 1975) (analyzing motor vehicle negligence claim brought under Federal Tort Claims Act against United States Postal Service).

Furthermore, Mr. Greene's Complaint fails to establish any of the three scenarios in which the District of Utah would hold proper venue.  Under 28 U.S.C. § 1391(b),

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Mr. Greene fails to allege either that:  (1) any defendant resides in Utah, (2) a substantial part of the events occurred in the District of Utah, or (3) no other district exists where Mr. Greene can bring the action and that any defendant is subject to personal jurisdiction in the District of Utah.  (See Compl., ECF No. 3.)  Therefore, Mr. Greene's allegations fall short of proving proper venue in this District.

Finally, the undersigned doubts Mr. Greene possesses the standing necessary to litigate his claim against Access Services Inc.  Mr. Greene's claim appears to allege an employee of Access Services hit his wife, Valerie Stephen, with the door of a car.  (See, e.g., Compl. 3, ECF No. 3 ("Valerie Stephen is a victim who did not deserve for this to happen to her and as a result of the reckless actions of this driver who hit a helpless

4

pedestrian, Greene and Valerie files suit…").)  Under the prudential standing requirement, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  The Wilderness Soc. v. Kane Cty., 632 F.3d 1162, 1168 (10th Cir. 2011) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)).  Mr. Greene suggests Ms. Stephen authorized him to bring her claim "because Greene has been dealing with the matter since [the accident]." (Compl. 3, ECF No. 3.)  Mr. Greene may proceed pro se on behalf of his own personal claims but may not act as unlicensed counsel to bring the claims of others.  Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1299–1300 (10th Cir. 2011); see also Klocek v. Gateway, Inc., 104 F. Supp. 2d 1332, 1344 (D. Kan. 2000) (citing 28 U.S.C. § 1654) ("Moreover, although plaintiff has the right to appear pro se on his own behalf, he may not represent another pro se plaintiff in federal court.").

### RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Court dismiss Mr. Greene's civil action for lack of subject matter jurisdiction, improper venue, and lack of standing.  Alternately, the undersigned RECOMMENDS the District Court issue an Order to Show Cause instructing Mr. Greene to indicate why the District Court should exercise jurisdiction, why proper venue lies in Utah, and why prudential standing exists.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of

5

objections upon subsequent review.

DATED this 14th day of July 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge

6