IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CEDRIC GREENE,<br><br>                      Plaintiff,<br>v.<br><br>ACCESS SERVICES INC.,<br><br>                      Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION & ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:16-cv-1272-CW-EJF<br><br>Judge Clark Waddoups<br>Magistrate Judge Evelyn J. Furse |

*Pro se* litigant Cedric Greene sues Defendant Access Services Inc. on behalf of his wife, Valerie Stephen. (*See* Dkt. Nos. 3, 5.) Mr. Greene seeks $50,000 in damages for an Access Services driver's alleged collision with Ms. Stephen as she was attempting to enter the driver's vehicle. (*See* Dkt. No. 3.)

The case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 4.) On July 17, 2017, Judge Furse issued a Report and Recommendation recommending that this action be dismissed for lack of subject matter over the case, improper venue, and lack of standing. (Dkt. No. 6.)

Mr. Greene filed an objection to Judge Furse's Report and Recommendation. (Dkt. No. 9.) In the objection, Mr. Greene asserts that he is "proceeding under the sports term and law of professional sports within the meaning of the collective bargaining agreement." (*Id.* at 2.) Mr. Greene claims he is an "unrestricted free agent" and asks that the court "maintain jurisdiction of this case under the 'soft cap' exception," which "will overshadow the jurisdiction subject that is mentioned in the report just like the 'soft cap exception' allow [sic] for NBA teams to exceed the

1

salary cap." (*Id.*) He states that proceeding under "collective bargaining rules" and "sports law . . . gives more flexibility to the two sides . . . ." (*Id.* at 3.) He also notes that "the cause of action that we have prepared for this matter is one that can be used in state or federal court . . . ." (*Id.*) Finally, Mr. Greene analogizes his request to proceed as an "unrestricted free agent" under collective bargaining rules and "sports law" to the Republicans' use of the "'skinny repeal' to present their case," arguing that "if they can use the 'skinny repeal' term to present their case we have reasons to believe that we can have our litigant proceeding under sports law and rules to present our case." (*Id.* at 4.)

Mr. Greene is not new to this district or to the jurisdictional issues identified by Judge Furse. He has filed at least twelve actions in this district since June 2016, including this case.[1] At least ten of those cases have now been dismissed for lack of subject matter jurisdiction, and several of those dismissals have been affirmed by the Tenth Circuit on appeal.[2] In light of Mr. Greene's prior litigation history in this district, he is well on notice that he must plead a basis for a federal court's subject matter jurisdiction in any given action.

---

[1] *See Greene v. Sprint Nextel Corp.*, 2:16-cv-676-CW; *Greene v. Greyhound Lines, Inc.*, 2:16-cv-703-BSJ; *Greene v. Logisticare Sols.*, 2:16-cv-755-BSJ; *Greene v. Gray*, 2:16-cv-804-JNP; *Greene v. Hous. Auth. of the City of L.A.*, 2:16-cv-806-RJS; *Greene v. Inglewood Hous. Auth. et al.*, 2:16-cv-838-DS; *Greene v. Direct TV*, 2:16-cv-964-DB-BCW; *Greene v. Access Services*, 2:16-cv-1272-CW-EJF; *Greene v. Tenn. Bd. of Judicial Conduct*, 2:17-cv-175-BSJ; *Greene v. Harris*, 2:17-cv-276-DN-EJF; *Greene v. Frontier Airlines*, 2:17-cv-319-TS; *Greene v. Asurion Ins. Servs.*, 2:17-cv-623-DAK.

[2] *See Greene v. Tenn. Bd. of Judicial Conduct*, No. 17-4056, 2017 WL 3169089, at *1 (10th Cir. July 26, 2017); *Greene v. Sprint Nextel Corp.*, No. 16-4133, 2017 WL 2557059, at *1 (10th Cir. June 13, 2017); *Greene v. Hous. Auth. of City of L.A.*, No. 16-4148, 2017 WL 2559909, at *1 (10th Cir. June 13, 2017); *Greene v. Greyhound Lines, Inc.*, No. 16-4132 (10th Cir. June 13, 2017); *Greene v. Inglewood Hous. Auth.*, No. 17-4026, 2017 WL 2399455, at *1 (10th Cir. June 2, 2017). Moreover, Judge Parrish recently declared Mr. Greene a vexatious litigant and imposed restrictions Mr. Greene's ability to file new cases. *See* Mem. Decision & Order, Dkt. No. 13, *Greene v. Gray*, 2:16-cv-804-JNP (issued August 28, 2017).

The Tenth Circuit has explained to Mr. Greene, in several orders affirming dismissal of his complaints for lack of jurisdiction, the following principles underlying a federal court's assertion of subject matter jurisdiction:

> Federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court must dismiss a case upon concluding that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The party asserting subject-matter jurisdiction must overcome a presumption against jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
>
> The basic statutory grants of federal subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A party invokes § 1331 jurisdiction by pleading a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–85 (1946). A party invokes § 1332 jurisdiction by demonstrating that the parties have diverse citizenship and that the claim exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Arbaugh*, 546 U.S. at 513.

*E.g.*, *Greene v. Sprint Nextel Corp.*, No. 16-4133, ___ F. App'x ___, 2017 WL 2557059, at *1 (10th Cir. June 13, 2017).

Here, Mr. Greene's Complaint asserts no basis for this court to exercise subject matter jurisdiction. (*See* Dkt. No. 3.) The Complaint raises no apparent federal question or diversity jurisdiction. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("A federal court's jurisdiction must clearly appear from the face of a complaint."). Even so, Judge Furse liberally reads the Complaint to assert state law tort claims. The court agrees with Judge Furse that such claims do not raise federal question jurisdiction. Nor does the Complaint meet the requirements of diversity jurisdiction. Mr. Greene includes no citizenship allegations as to any of the parties in the Complaint and he seeks damages in an amount below the threshold statutory requirement.

The court will not entertain Mr. Greene's assertion that jurisdiction could be waived or "overshadowed" by his proceeding under "sports law" or the NBA's "collective bargaining rules." A federal court's jurisdiction is defined and limited by Congress and statute, not the NBA. "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). A party cannot waive or forfeit a lack of subject-matter jurisdiction. *Arbaugh*, 546 U.S. at 514.[3]

Therefore, the court **ADOPTS** the Report and Recommendation with respect to the jurisdictional issue, (Dkt. No.6), and **DISMISSES** Mr. Greene's action for lack of subject matter jurisdiction. Because the court determines that it lacks subject matter jurisdiction over this action, it does not reach the issues of improper venue or standing.

SO ORDERED this 6th day of September, 2017.

BY THE COURT:

CLARK WADDOUPS
United States District Judge

---

[3] Judge Parrish recently rejected similar arguments by Mr. Greene in *Greene v. Gray*, finding them "undecipherable from a legal standpoint." *See* Mem. Decision & Order, Dkt. No. 13 at 1-2, 2:16-cv-804-JNP.